Henry M. Leen, for the Respondent.

*Municipal Court of the City of Boston*

## CONSOLIDATED FOODS CORPORATION
### v.
## LEONARDO SERRA

(November 30 — December 18, 1956)

*Gillen, J.* This is an action of contract to recover on a written contract signed by Leonardo Serra, the defendant, to guarantee payment for goods sold by the plaintiff to Henry Serra: Hampton Market to the amount of $600.00. The date of the sale of goods was May 16, 1956. The answer is a general denial and also that the contract of guarantee signed by said defendant was for goods sold to Hampton Market, which went out of business on January 28, 1956, and that the money sought by the plaintiff is for goods sold May 16, 1956 to Henry Serra, d/b/a Serra's Market, and that the defendant never entered into any contract with the plaintiff to guarantee payment of said goods.

At the close of evidence three requests for rulings of law were filed by the defendant, viz:

1. On all the evidence the defendant did not guarantee any purchases of the Serra's Market located at 1895 Washington Street, Boston.

2. Since in May, 1956 there was no Hampton Market in existence the guarantee of Leonardo Serra for purchases of the Hampton Market had lapsed.

The action of the trial judge was as follows:

1. Ruling. In determining the question of liability I have construed the contract of guarantee to cover all indebtedness incurred by Henry Serra with the plaintiff company. If it is material I find that the goods purchased by Henry Serra for which the plaintiff seeks to recover the value under this guarantee were billed to the Hampton Market.

2. No. I find that plaintiff billed Hampton Market at time of sale.

Request 3 was allowed. Finding was for plaintiff in the amount of $360.30.

The defendant claimed to be aggrieved by the denial of his request for rulings 1 and 2.

There was evidence that the plaintiff sold the goods in May, 1956, that at the time the order for the goods was given by Henry Serra he was at the Serra

Market, that the order blank filled out at the time the order was given was headed "Hampton Market", that Henry Serra called for the goods and received them at the plaintiff's warehouse, that the contract of guarantee was signed by Leonardo Serra in 1953, that at that time there was a certificate on file at City Hall that said Leonardo was the owner of the Hampton Market, that in 1955 said Leonardo withdrew his business certificate from City Hall and Henry Serra filed a certificate indicating that he was the owner of Hampton Market, that the guarantee read Henry Serra: Hampton Market.

On the basis of this evidence the conclusion of the trial judge was warranted and we find no error in the treatment of the requests.

The defendant stresses the point that two witnesses testified that at the time the order was given for the goods the Hampton Market was closed. But the trial judge was not compelled to believe this evidence. Further, we hold that the guarantee ran to Henry Serra and the words "Hampton Market" after the name were merely descriptive. There is nothing in the case requiring a finding that if Henry Serra did not sell the goods he had purchased in the Hampton Market that then Leonardo Serra was excused from liability under the guarantee. This is something that the defendant would like to read into the guarantee.

We find no error. *Report dismissed.*

Joseph Krinsky of Boston, for the plaintiff

Anthony Serra of Boston, for the defendant